## ZIMMER v. MATTESON *et al.*

*(Supreme Court, General Term, Third Department. July 11, 1891.)*

CHANGE OF VENUE—CONVENIENCE OF WITNESSES—NOTICE OF MOTION.

Two defendants answered separately. One served affidavits and notice of a motion to change the place of trial for convenience of witnesses more than eight days before the motion day, and three days before the motion day served an additional affidavit, showing that the other defendant consented to the motion, and adopted the affidavits on which it was noticed, with a notice that the additional affidavit would be read in support of the motion. *Held*, the motion should not have been granted, because the additional affidavit could not be received under Code Civil Proc. § 780, providing that, unless otherwise provided, where "notice of a motion, * * * in an action before a court or a judge, is necessary, it must, if personally served, be served at least eight days before the time appointed for the hearing," except under certain conditions.

Appeal from special term, Montgomery county.

Action by Alvah J. Zimmer against John J. Matteson and Hubbard L. Matteson. Code Civil Proc. § 780, enacts that, "where special provision is not otherwise made by law, or by the general rules of practice, if notice of a motion, or of any other proceeding in an action before a court or a judge, is necessary, it must, if personally served, be served at least eight days before the time appointed for the hearing," with exceptions under certain conditions. From an order granting a motion, made by defendants, to change the place of trial from Fulton to St. Lawrence county, upon the ground of convenience of witnesses, plaintiff appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*N. H. Anibal,* for appellant.     *Wilmer H. Dunn,* for respondents.

LANDON, J.    The complaint is upon a breach of warranty in the sale of a horse.   Each defendant answered separately and by different attorneys.   The defendant John separately served affidavits and notice of this motion more than eight days before the motion day.   No reason why the other defendant did not unite in the motion was stated in the moving papers.   Three days before the motion day the attorney for the defendant John served an additional affidavit showing that the other defendant, Hubbard, consented to the motion, and adopted the affidavits upon which it was noticed, with a notice indorsed thereon that the additional affidavit would be read in support of the motion.    The plaintiff's attorney promptly returned the additional affidavit, indorsing thereon that he did so because it was not served in time, and that he should object to its being used upon the motion.   Upon the hearing of the motion the plaintiff's attorney did by his own affidavit show that the additional affidavit was not served in time, and objected to its use upon the motion.    The objection was overruled, and the motion granted.   Without the additional affidavit, the motion ought not to have been granted.   *Bergman* v. *Noble,* 10 Civil Proc. R. 190; *Welling* v. *Sweet,* 1 How. Pr. 156.    The order, therefore, rests upon an affidavit which, unless the Code, § 780, be disregarded, was improperly received.   The objection is technical, but the plaintiff had the right to rely upon the statute.   Nor do we know that he would have opposed the motion if the additional affidavit had been served in time.   As it was, he had valid legal ground for resisting it, and was entitled to an order denying it.   Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs.   All concur.